UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 3:07CR-111-JHM

UNITED STATES OF AMERICA                                                                   PLAINTIFF

VS.

FRED W. GADDIE                                                                             DEFENDANT

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Fred Gaddie, to suppress the statements made by Defendant and to suppress any evidence obtained from the search of Defendant's vehicle [DN 17, DN 18].  On March 3, 2008, a suppression hearing was held. The parties filed supplemental briefs [DN 29, DN 33].  Fully briefed, this matter is ripe for decision.

**Background**

On June 27, 2007, Special Agents with the United States Postal Service, Office of Inspector General ("OIG"), Chris Holbrook and Gary Bishop, went to the main branch of the United States Post Office on Gardiner Lane in Louisville, Kentucky, to question Defendant, Fred Gaddie.  The OIG Agents were conducting an investigation into the theft of gifts cards which had been reported stolen by postal customers.  The OIG Agents did not have a search warrant or an arrest warrant.  On arrival at the Post Office, Agent Holbrook and Agent Bishop approached Gaddie on the back loading dock of the Post Office and identified themselves by showing Gaddie their government-issued OIG credentials.  The Agents were

dressed in business casual clothing. The Agents explained to Gaddie that they were conducting an investigation and requested to speak to him in the OIG office. Gaddie responded, "No problem."

Gaddie was taken to an office at the Post Office where Gaddie worked. Agent Holbrook testified that the room measured approximately 8' by 10', was used as a conference room/lunch room, and contained a small, round table, a refrigerator, and a microwave. Agent Holbrook further testified that he thought the door to the room was cracked open. Agent Holbrook stated that once they entered the office, the Agents and Gaddie set down at the conference table. Agent Holbrook explained to Gaddie why they wanted to speak with him. Agent Holbrook gave Gaddie a *Miranda* Acknowledgment of Rights form which he read to Gaddie. According to Agent Holbrook, after he provided Gaddie with his *Miranda* warnings, Gaddie signed the form and agreed to speak with the Agents.

Initially, Gaddie denied stealing any gift cards. Agent Holbrook testified that he indicated to Gaddie that his story lacked credibility and that this was his opportunity to cooperate with the investigation. Agent Holbrook then told Gaddie that "his cooperation would potentially be looked upon down the road in terms of the sentencing guidelines, but various sentences for these types of crimes could potentially be up to five years." (Evidentiary Hearing Transcript at 37.) Gaddie then made incriminating statements.

According to Agent Holbrook, he also asked Gaddie to consent to a search of his vehicle which was parked in the postal parking lot. Agent Holbrook testified that Gaddie granted consent for the Agents to conduct the search. Agent Holbrook stated that Gaddie

accompanied the Agents to the parking lot and told the Agents where the stolen gift cards were located in his vehicle. During the course of the interview, Agent Holbrook also asked Gaddie to provide a written statement. The sworn statement form contains the additional waiver: "At this time, I desire to make the following statement. I make this decision freely, knowingly, and voluntarily, and without any threats or promises having been extended to me." (Exhibit 2.)

Gaddie filed this motion to suppress the statement he made to the OIG Agents on grounds that he was in custody and had not been timely informed of his *Miranda* rights and that his statement was involuntary because it was the result of coercion. Gaddie further argues that he did not voluntarily consent to law enforcement searching his vehicle and, as a result, the evidence obtained from the search of his vehicle should also be suppressed.

## Discussion

### 1. *Miranda* Warning

Gaddie contends that the statement he made to the OIG Agents should be suppressed because he was in custody and had not been timely informed of his *Miranda* rights. The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The United States may not, therefore, use statements stemming from a custodial interrogation without first demonstrating the use of procedural safeguards effective to secure the privilege against self-incrimination. <u>Miranda v. Arizona</u>, 384 U.S. 436, 478-79 (1966). However, the obligation to administer a *Miranda* warning to a person only arises when an individual is in

3

custody. "For an individual to be 'in custody,' there must be 'a formal arrest or restraint on freedom of movement of the degree associated with formal arrest.'" United States v. Mahan, 190 F.3d 416, 421 (6th Cir. 1999)(citing Thompson v. Keohane, 516 U.S. 99, 102 (1995)). See also United States v. Swanson, 341 F.3d 524, 528 (6th Cir. 2003).

Based on the facts in the present case, the Court finds that Gaddie was not in custody at any time during his consensual interview with the OIG Agents. Gaddie was never advised that he was under arrest and there is no indication that Gaddie's freedom of movement was restrained. The place of the questioning was not hostile or coercive. See California v. Beheler, 463 U.S. 1121, 1125-26 (1983)(detainee not "in custody" although questioning took place in a police station); Mahan, 190 F.3d at 421-422 (detainee not "in custody" where questioning took place at work and he was summoned to the interview by one of his supervisors at work). The questioning took place in the OIG interview room at Gaddie's place of employment with the door unlocked and cracked. Gaddie was told that he could terminate the interview at any time. The interview lasted a little more than an hour. Finally, Agent Holbrook and Agent Bishop "at no time made any show of force or brandished a firearm or handcuffs, or any other equipment ordinarily associated with formal arrest or custody." Mahan, 190 F.3d at 422. "[N]othing suggests that a reasonable person in his position would not have felt free to terminate the interview at any time." Id. Therefore, no *Miranda* warnings were required prior to Gaddie's questioning by the Agents.

Notwithstanding, even if Gaddie was "in custody," the record clearly reflects that he was informed of his *Miranda* rights prior to making any statements and voluntarily waived

4

them. Agent Holbrook presented uncontradicted testimony that once the Agents and Gaddie entered the office, Agent Holbrook explained to Gaddie why they wanted to speak with him and presented Gaddie with a *Miranda* rights form. Agent Holbrook testified that he read the *Miranda* rights form to Gaddie. Gaddie initialed beside each right, and signed and dated the form. The form provided in relevant part that: "I have read my rights or had them read to me as set forth above and I understand my rights. With this understanding, I am willing to make a statement and answer questions. I do not wish to consult with an attorney at this time, and I do not wish to have an attorney present during this interview. I make this decision freely, knowingly, and voluntarily, and without any threats, promises, or coercion of any kind being made against me."

### 2. Coercion

Gaddie argues that Agent Holbrook's actions were coercive, thus rendering his statement involuntary. In order for a confession to be admissible, it "'must be free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.'" United States v. Bishop, 149 F.3d 1185, 1998 WL 385898, *3 (6th Cir. July 1, 1998). When a defendant claims that a confession was coerced, the government bears the burden of proving by a preponderance of the evidence that the confession was in fact voluntary. The Court must determine whether the confession was voluntary considering the "totality of the circumstances." See Arizona v. Fulminante, 499 U.S. 279 (1991). The Sixth Circuit has established three requirements for a finding that a confession was

involuntary due to police coercion: "(1) the police activity was objectively coercive; (ii) the coercion in question was sufficient to overbear the defendant's will; and (iii) the alleged police misconduct was the crucial motivating factor in the defendant's decision to offer the statement." Mahan, 190 F.3d at 423.

As evidence of coercion, Gaddie points to Agent Holbrook's discussion regarding the various sentences for theft of the mail and his statement that cooperation "would potentially be looked upon down the road in terms of the sentencing guidelines." (Evidentiary Hearing Transcript at 37.) Gaddie has offered no case law to support his claim that such statements are coercive. In fact, the Sixth Circuit has held that "[w]e are not prepared to forbid police from conveying to suspects the seriousness of the crime for which they are being investigated." McCalvin v. Yukins, 444 F.3d 713, 721 (6th Cir. 2006). See also United States v. Santos-Garcia, 313 F.3d 1073, 1079 (8th Cir. 2002)(holding confession was not coerced when investigator told defendant "[his] children would be driving by the time he would be released from prison" because statement was an "accurate representation" of defendant's predicament); Mahan, 190 F.3d at 422-423 (confession not coerced where agent told suspect that he could get into serious trouble for providing false information and that his story was unbelievable).

Gaddie also argues that the location of the interview demonstrated the coercive tactics of the Agents. While the particular room was small, Gaddie has offered no evidence that the Agent's use of the room was objectively coercive.

There is no evidence in the record indicating that the Agents' activity was objectively

coercive. The record reflects that no threats or promises were made, Gaddie was not deprived of any physical necessities, and the questioning was not particularly lengthy in duration. Contrary to counsel's argument, the uncontradicted testimony reflects that Gaddie was given *Miranda* warnings, signed a waiver of rights form, and then voluntarily made a statement to the OIG Agents. For these reasons, the Court concludes that Gaddie's statement was voluntary and the Court denies Gaddie's motion to suppress the statement.

### 3. Consent to Search the Vehicle

The Fourth Amendment prohibits searches without a warrant except in limited circumstances, such as when the search is conducted with consent. In order to justify a search by consent, "the government must prove by 'clear and positive testimony' that the asserted consent was 'voluntary' and 'unequivocally, specifically, and intelligently given.'" United States v. Buckingham, 433 F.3d 508, 514 (6th Cir. 2006)(quoting United States v. Worley, 193 F.3d 380, 385-86 (6th Cir. 1999)). "The question of whether a consent to search is voluntary and knowing is a question of fact to be determined from the totality of all the circumstances." United States v. Abdullah, 162 F.3d 897, 902 (6th Cir.1998).

Defendant argues that he did not consent to the search of his vehicle. Defendant maintains that Agent Holbrook could not remember whether Gaddie wrote his statement before or after the vehicle was searched and, as a result, Agent Holbrook's recollection of the events are hazy at best. Agent Holbrook testified that Gaddie gave verbal consent to conduct the search of his vehicle. Furthermore, Gaddie was present during the entire search and did not object at any point to the search of his vehicle. After reviewing the testimony

at the hearing, the Court finds no reason to question the testimony of Agent Holbrook and finds Agent Holbrook's recollection of the consent to search the vehicle credible. There is no evidence to suggest that Gaddie's consent was not knowing and voluntary.

For these reasons, the Court finds that the search of the vehicle was conducted pursuant to a valid consent to search.

## Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motions by Defendant to suppress his statements and the search of his vehicle [DN 17, DN 18] are **DENIED**.

cc:   counsel of record
       US Marshall
       US Probation